Original

FILED
02 DEC 11 PM 4:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, a Connecticut For–Profit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MAINSTREAM CONSTRUCTION GROUP, INC., a Florida For–Profit Corporation, GOODALL BROWN ASSOCIATES, L.P., an Alabama Limited Partnership, GUILFORD CAPITAL CORPORATION, an Alabama For–Profit Corporation, and THE BANK, an Alabama State Bank,<br><br>Defendants. | CIVIL ACTION FILE NO. _____<br><br><br><br><br><br>CV-02-B-3028-S |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the plaintiff, Hartford Fire Insurance Company, and respectfully shows:

1. This is a complaint brought pursuant to Section 2201 of Title 28 of the United States Code and Rule 57 of the Federal Rules of Civil Procedure to seek a declaration of the rights and other legal relations of the plaintiff vis-à-vis the defendants growing out of an insurance contract.

### JURISDICTION

2. The plaintiff Hartford Fire Insurance Company is a corporation organized and existing under the laws of the State of Connecticut that maintains its principal place of business in Hart-

ford, Hartford County, Connecticut. Accordingly, Hartford is a citizen of the State of Connecticut and not a citizen of the state of Florida or Alabama.

3. Hartford is authorized to conduct business and sell insurance in the States of Alabama and Florida.

4. The defendant Mainstream Construction Group, Inc. is a corporation organized and existing under the laws of the State of Florida that maintains its principal place of business within the State of Florida. Accordingly, the defendant, Mainstream Construction Group, Inc. is a citizen of the State of Florida.

5. The defendant Mainstream Construction Group, Inc. is authorized to conduct business and, in fact, conducts business in the State of Alabama. The defendant Mainstream maintains an office in Birmingham, Alabama, at 2200 First Avenue North. The defendant Mainstream's registered agent for service of process is Murfee Gewine, 1818 Shoreham Drive, Montgomery, Alabama 36111.

6. The defendant Goodall Brown Associates, L.P. is a limited partnership organized and existing under the laws of the State of Alabama with its principal place of business within the State of Alabama. Accordingly, the defendant Goodall Brown is a citizen of the State of Alabama. The defendant Goodall Brown's registered agent for service of process is R. Thomas Latimer, Jr., 213 North 20th Street, Birmingham, Alabama 35203.

7. The partners of the defendant Goodall Brown are all citizens and residents of the State of Alabama.

8. The defendant Guilford Capital Corporation, Inc. is a corporation organized and existing under the laws of the State of Alabama that maintains its principal place of business within the State of Alabama. Accordingly, the defendant Guilford Capital Corporation is a citizen of the

State of Alabama. The defendant Guilford's registered agent for service of process is The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama.

9. The defendant The Bank is a banking corporation organized and existing under the laws of the State of Alabama that maintains its principle place of business in Alabama. Accordingly, the defendant Bank is a citizen of the State of Alabama. The defendant Bank's registered agent for service of process is F. Hampton McFadden, Jr., 17 North 20th Street, Birmingham, Alabama 35203.

10. The amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interests and costs.

11. This Honorable Court has original jurisdiction over this action under Section 1332 of Title 28 of the United States Code because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

VENUE

12. The venue of this action is properly predicated on Section 1391(a)(2) of Title 28 of the United States Code in that jurisdiction is founded solely on diversity of citizenship and this action was brought within the judicial district in which a substantial part of the events giving rise to the claims occurred and the property that is the subject of this action is located.

STATEMENT OF FACTS

13. The defendant Mainstream Construction Group, Inc. a diversified building contractor with projects throughout the southeastern United States. Mainstream has five divisions, including a Historical Renovation Division, and four offices including an office in Birmingham, Alabama.

14. On or about July 17, 2001, the defendant Goodall Brown Associates, L.P. entered into an AIA Standard Form contract with the defendant Mainstream to renovate a building in Birmingham, Alabama, to be known as the Goodall Brown Lofts.

15. The defendant Guilford provided certain equity consideration for the building, and the defendant Bank provided financing for the Goodall Brown Lofts Project.

16. On October 1, 2001, defendant Goodall Brown or its predecessor in interest notified the defendant Mainstream it could commence work under the contract.

17. Originally, Hartford Insurance Company of the Southeast (the plaintiff's predecessor in interest) issued a reporting–form builders' risk insurance contract numbered 21 MS IN8049 to Mainstream Construction Group, Inc. for a one–year policy period beginning November 26, 2000, and ending November 2001.

18. The insurance contract was renewed for a one–year period beginning November 26, 2001, and ending November 26, 2002, at which time the insurance contract provided a limit of liability of $700,000.00 for structures at the described premises.

19. On or about December 14, 2001, the defendant Mainstream's insurance agent, Sihle Insurance Group, Inc., submitted an $ACORD^{TM}$ Commercial Policy Change Request and requested that the limit of liability be increased from $700,000.00 to $2,548,000.00 because Mainstream was starting a large project. Contemporaneously, Sihle reported the Goodall Brown Lofts Project on a reporting form for the insurance contract.

20. When Hartford received the $ACORD^{TM}$ Commercial Policy Change Request from Sihle, Hartford informed Sihle that the Project could not be added to the builders' risk insurance contract except by specific endorsement. Hartford then proceeded to gather information necessary to determine whether it would underwrite the Goodall Brown Lofts Project.

21. On January 7, 2002, Hartford agreed to underwrite the Goodall Brown Lofts Project by adding the project to the existing builder's risk insurance contract by specific endorsement. Hartford specifically declined to issue insurance coverage for the existing building.

22. On January 8, 2002, Hartford issued two endorsements simulataneously. The first endorsement changed the issuing insurance company from Hartford Insurance Company of the Southeast to Hartford Fire Insurance Company because Hartford Insurance Company of the Southeast is not authorized to do business in Alabama. The second endorsement added the Goodall Brown Loft Project to the insurance contract with a limit of liability of $2,548,000.00. Both endorsements were effective retroactively to December 14, 2001.

23. On or about June 27, 2002, a fire occurred at the Goodall Brown Lofts Project and caused damage to both the renovations being performed by the defendant Mainstream and the existing building.

24. All parties agree that the builders' risk insurance contract provided coverage for loss by fire and covered the renovations performed by Mainstream under the prime construction contract.

25. The defendants contend that the builders' risk insurance contract provides coverage for the existing building as well as the renovations performed by the defendant Mainstream under the prime construction contract.

26. Hartford contends that the fire caused approximately $53,000.00 in damage to the renovations being performed by the defendant Mainstream under the prime construction contract.

27. In September 2002, at the request of the defendant Mainstream, Hartford issued an advance of $50,000.00 to the defendant Mainstream under the builders' risk insurance contract.

28. The defendant Mainstream and the other defendants contend that the damage to the renovations and the existing building amounts to no less than $592,726.10.

29. The defendants contend that Hartford is indebted to them under the builders' risk insurance contract in an amount no less than $592,726.10.

30. For these reasons, Hartford seeks a declaration from this Honorable Court of the rights and other legal relations of the parties under the builders' risk insurance contract to avoid the possible accrual of damages to Hartford.

WHEREFORE, the plaintiff Hartford Fire Insurance Company respectfully prays:

(a) That this Honorable Court enter an order directing that judgment be entered declaring that Hartford Fire Insurance Company is not liable to the defendants on the builders' risk insurance contract for damage caused by fire to the existing structure;

(b) That all costs of this action be taxed against the defendants;

(c) That Hartford Fire Insurance Company have trial by jury; and

(d) That this Honorable Court award Hartford Fire Insurance Company any further relief it deems just and mete.

_____           _____
B. Morris Martin                                         Nancee E. Tomlinson
Georgia State Bar No. 472209                   Georgia State Bar No. 714525

Attorneys for plaintiff

B.M. MARTIN & ASSOCIATES, P.C.
69 North Main Street
Post Office Box 741
Jasper, Georgia 30143–0741
Tel: 706–692–5556
Fax: 706–692–6612



B.M. MARTIN & ASSOCIATES, P.C.

ATTORNEYS AND COUNSELORS AT LAW

NANCEE E. TOMLINSON

December 10, 2002

RECEIVED
02 DEC 11 PM 4: 22
U.S. DISTRICT COURT
N.D. OF ALABAMA

Attn: Clerk of Court
Hugo Black United State Courthouse
1729 5th Avenue North
Birmingham, Alabama 35203

  Re: *Hartford Fire Insurance Company* v. *Mainstream Construction Group, Inc., et.al.*; Case No. _____ (N.D.Ala.)
    M&A File No. 02077

CV-02-B-3028-S

To whom it may concern:

  With this letter I have enclosed a *Complaint for Declaratory Judgment* and *Summons*. Four copies of the declaratory judgment with summons and a return copy for our records are enclosed. Please stamp filed each copy, sign the summons and stamp the return copy and send these documents back in the Overnight UPS envelope found herewith.

  A check for $150.00 filing fee. Thank you for your kind attention to this matter.

         Sincerely,

         Nancee E. Tomlinson

Enclosures

69 NORTH MAIN STREET, JASPER, GEORGIA 30143-1503
POST OFFICE BOX 741, JASPER, GEORGIA 30143-0741
TELEPHONE: 706-692-5556  TELECOPIER: 706-692-6612